UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE MORALES, et al.,

                    Plaintiffs,

-against-

SPORTSENGINE, INC.,

                    Defendant.

24-CV-2971 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiffs Christine Morales, Vanessa Williams, and Carly Charalambou (together, "Plaintiffs"), bring this action against SportsEngine, Inc. ("SportsEngine" or "Defendant") for (1) deceptive acts or practices under New York General Business Law ("GBL"), (2) false advertising under New York GBL, (3) unjust enrichment, (4) violations of California's unfair competition law, (5) false and misleading advertising under California Business and Professional Code §17500, *et seq.*, (6) and violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"). Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiffs' putative claims under the ADTPA pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated herein, SportsEngine's motion to dismiss is GRANTED, and SportsEngine's motion to strike is DENIED as moot.

## BACKGROUND

**I.    Facts**

      The following facts are, unless otherwise noted, taken from the Amended Complaint and presumed to be true for the purposes of the instant motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). SportsEngine is a software provider for sports

leagues, including youth sports organizations, throughout the country. ¶ 18.[1] SportsEngine advertises its services to youth organizations, highlighting the convenience of using its services. ¶ 29. These organizations typically pay for services through an annual subscription fee and payment processing charges. ¶ 30. Youth sports organizations that use SportsEngine to manage registration instruct parents or guardians of youth players that they must use SportsEngine to register their children in sport offerings. ¶¶ 3, 28.

After a youth sports organization registers for services through SportsEngine, sign ups and communications for that organization occur on the SportsEngine platform. ¶ 32. Youth sports leagues share the SportsEngine link so consumers can register their child for the sport. ¶ 39. When registering their child for a sport, consumers are required to make a SportsEngine account using the software provided by SportsEngine. ¶¶ 33, 40. Consumers enter their name and contact information and agree to be bound by the Terms of Use when creating accounts. ¶¶ 33–34. The Terms of Use do not mention any online processing fees. ¶ 35.

When a consumer registers a child for youth sports, a single price is displayed for the youth sport. ¶ 40. Consumers then enter the child's information, their team preferences, and decide whether they will purchase any gear. ¶ 41. This process takes consumers through a multi-step series of screens. As part of this, consumers are again shown the prices for the youth sport along with the mandatory requirement that the consumer "PAY ONLINE IN FULL." ¶ 42. On the screen for consumers to review their registration, the total cost does not include an online processing fee (the "Fee"). ¶ 43. At the last step in the purchase process, SportsEngine discloses a Fee, which goes beyond the advertised price of the sport. ¶¶ 37, 44. The Fee amounts to a

---

[1] All ¶ references herein refer to First Amended Complaint at ECF No. 24 unless otherwise noted.

percentage of the cost of the sport and does not provide consumers with any additional value. ¶¶ 6, 56. Additionally, by this point in the process, consumers have taken several steps and invested substantial time into committing to the transaction on SportsEngine's platform. ¶¶ 45, 47. Plaintiffs allege that many consumers do not notice that the Fee is added to their order while others believe they have no choice but to pay it. ¶ 47.

### A. Plaintiff Morales

Plaintiff Christine Morales is a resident of Eastvale, California. ¶ 15. She registered her child to play basketball through a youth sports organization on or about July 11, 2023. ¶ 60. The stated price for the registration was $237. *Id*. This $237 price stayed the same throughout most of the registration process, and Morales relied on the price in choosing to register for the sport. ¶ 61. A Fee of $8.70 was displayed only after the ordering process was substantially complete, and Morales did not notice the fee. ¶¶ 62, 63. If Morales had known about the Fee earlier in the enrollment process, she may have made a different choice in choosing to register using SportsEngine. ¶ 64. She also would have inquired with the league regarding registration by alternate means. *Id.*

### B. Plaintiff Williams

Plaintiff Vanessa Williams is a resident of Jonesboro, Arkansas. ¶ 16. She registered her child to play soccer through a youth sports organization on or about July 20, 2022. ¶ 65. The stated price for the registration was $200. *Id.* This $200 price stayed the same throughout most of the registration process, and Williams relied on the price in choosing to register for the sport. ¶ 66. A Fee of $7.80 was displayed only after the ordering process was substantially complete. ¶ 67. If Williams had known about the Fee earlier in the enrollment process, she may have made a

different choice in choosing to register using SportsEngine. ¶ 68. She also would have inquired with the league regarding registration by alternate means. *Id.*

### C. Plaintiff Charalambou

Plaintiff Carly Charalambou is a resident of Brookline, Massachusetts. ¶ 17. She registered her child to play soccer through a youth sports organization on or about October 11, 2022. ¶ 69. The stated price for the registration was $300. ¶ 69. This $300 price stayed the same throughout most of the registration process, and Charalambou relied on the price in choosing to register for the sport. ¶ 70. A Fee of $10.00 was displayed only after the ordering process was substantially complete. ¶ 71. If Charalambou had known about the Fee earlier in the enrollment process, she may have made a different choice in choosing to register using SportsEngine. ¶ 72. She also would have inquired with the league regarding registration by alternate means. *Id.*

## II. Procedural History

Plaintiffs filed this action on April 19, 2024. ECF No. 1. On July 3, 2024, Defendant moved to dismiss the action and strike Plaintiffs' complaint. ECF No. 18. In response, Plaintiffs filed a notice of intent to amend the Complaint on July 17, 2024. ECF No. 20. Accordingly, the Court denied Defendant's motion to dismiss and strike as moot. ECF No. 22. Plaintiffs filed their First Amended Complaint on August 23, 2024. ECF No. 24 ("FAC"). Defendant filed the instant motion to dismiss on November 12, 2024. ECF Nos. 35, 36 ("Mem."). Plaintiffs opposed the motion on December 17, 2024, and Defendant replied on January 21, 2025. ECF Nos. 38 ("Opp."), 39 ("Reply").

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all

reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id.* at 679.

## DISCUSSION

The Court first considers Defendant's motion to dismiss Plaintiffs' statutory claims and finds that because New York law applies to all of Plaintiffs' claims, Plaintiffs' claims under California's Unfair Competition Law, California's False Advertising Law, California's Consumer Legal Remedies Act, and the Arkansas Deceptive Trade Practices Act must be dismissed. The Court also dismisses Plaintiffs' New York General Business Law claims because although they plausibly allege a material misrepresentation, Plaintiffs fail to adequately allege a cognizable injury. Next, the Court considers Plaintiffs' contract claim, finding that Plaintiffs fail to allege a breach of contract predicated on the absence of a contractual provision allowing Defendant to charge a Fee. Then, the Court addresses Defendant's motion to dismiss Plaintiff's unjust enrichment claim and finds that because it is brought as a catchall claim with no independent

basis, it must be dismissed. Because the Court dismisses all claims, the Court denies as moot Defendant's request to strike the class claims.

I. **Plaintiffs' Statutory Claims**

Plaintiffs assert statutory claims under New York, California, and Arkansas law. As explained below, the parties' choice-of-law provision precludes all claims except the New York General Business Law claim. This claim, however, also fails because Plaintiffs have not pled a material misrepresentation or cognizable injury under the statute.

A. **Claims Arising Under California and Arkansas Law Are Dismissed**

Plaintiffs entered into a contract with SportsEngine to use their services, and agreed to be bound by the terms of use. ¶¶ 34, 113. Plaintiffs supply the terms of use as an exhibit to their opposition brief, noting that due to a filing error, the agreement was not attached to the Amended Complaint. ECF No. 38-1 ("Terms of Use"). Because the Terms of Use are incorporated by referenced into the Complaint, the Court may consider them. *See Bader v. Wells Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397, 407 (S.D.N.Y. 2011) (quoting *Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 196 (2d Cir.2005)) (explaining that a court may consider the contents of a document "[w]here a plaintiff has relied on the terms and effect of a document in drafting the complaint, and that document is thus integral to the complaint").

The Terms of Use dictate that not only the Terms of Use, but also "any [a]greement" and "the relationship between" Plaintiffs and Defendant shall be governed by the laws of the State of New York. Terms of Use § 9.2. The use of "any agreement" and "the relationship between" is sufficiently broad as to encompass the entire relationship between the contracting parties. *See Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 220 (S.D.N.Y. 2019). This provision is distinct from those choice-of-law provisions that only apply to disputes between parties about the

agreement itself. *See E\*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 290 (S.D.N.Y. 2006) (declining to dismiss California statutory unfair competition claim where the choice of law provision stated only that disputes about the agreement itself shall be governed by New York law). Courts in the Second Circuit have interpreted the similarly broad language at issue in this case to mandate application of New York law to all claims between the parties. *See, e.g., Nanopierce Techs., Inc. v. Southridge Cap. Mgmt. LLC*, No. 02-CV-0767, 2002 WL 31819207, at \*10 (S.D.N.Y. Oct. 10, 2002) (collecting cases). Accordingly, pursuant to the Terms of Use's choice-of-law provision, New York law applies to all claims in this action. *See id*.

Plaintiffs do not dispute that New York law applies, *see* ¶ 88, and instead, they improperly attempt to bring claims against SportsEngine for violations of California and Arkansas law "in the alternative." Opp. at 6. In support of their position, Plaintiffs cite to *Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37 (S.D.N.Y. 1991). In *Seiden*, the Court "permit[ted] the pleading of contradictory claims alleging both breach of a contract or, in the alternative, a quasi contract." 754 F. Supp. 37, 39 (S.D.N.Y. 1991). The court did not address choice-of-law provisions in any respect. *Seiden* is inapplicable here, where Plaintiffs attempt to assert statutory claims under California and Arkansas law despite the parties' agreement that their relationship would be governed exclusively by New York law.

Because New York law applies to this action, Plaintiffs cannot bring claims for violations of California or Arkansas law. *See Coscarelli*, 364 F. Supp. at 221 (dismissing all claims under California law where the choice of law provision dictated that all claims would be governed by New York law). Accordingly, Plaintiffs' claims under California's Unfair Competition Law,

California's False Advertising Law, California's Consumer Legal Remedies Act, and the Arkansas Deceptive Trade Practices Act are DISMISSED.[2]

### B. Plaintiff's Claims Under New York General Business Law Are Dismissed Because the Addition of the Online Processing Fee Is Not Materially Misleading

GBL "Section 349 prohibits 'deceptive acts or practices in the conduct of any business, trade, or commerce.'" *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160 (S.D.N.Y. 2021) (citing N.Y. Gen. Bus. Law § 349). GBL Section 350 "prohibits false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing N.Y. Gen. Bus. Law § 350) (cleaned up). Because the standard for recovery is identical under both GBL § 349 and GBL § 350, courts in this circuit merge analysis of the two claims. *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021). "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander*, 802 F.3d at 300 (quoting *Koch v. Acker, Merrall & Condit Co.,* 944 N.Y.S.2d 452, 452 (2012)). "Plaintiffs are not required to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) for [these] claims." *Cosgrove*, 520 F. Supp. 3d at 575.

The Court first considers whether Plaintiffs have sufficiently alleged that Defendant engaged in conduct that was materially misleading. "To determine whether conduct related to a GBL claim is materially misleading, courts apply 'an objective definition of misleading, under

---

[2] Because the Court dismisses Plaintiffs' claim under the Arkansas Deceptive Trade Practices Act, Defendant's motion to strike the putative class allegation related to the act is dismissed as moot. *See eShares, Inc. v. Talton*, 727 F. Supp. 3d 482, 500 (S.D.N.Y. 2024).

which the alleged act must be likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Chimienti v. Wendy's Int'l, LLC*, 698 F. Supp. 3d 549, 557 (E.D.N.Y. 2023) (quoting *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 96 (2d Cir. 2023)). "[W]hile such claims may be fact-intensive, a court retains the discretion in appropriate circumstances to conclude as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Cosgrove*, 520 F. Supp. 3d at 576 (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)). Additionally, there can be no deceptive practices claim "when the allegedly deceptive practice was fully disclosed." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) (quoting *Broder v. MBNA Corp.*, 722 N.Y.S.2d 524, 526 (1st Dep't 2001)). "[A] practice is not deceptive when a business provides conspicuous notice of that practice to consumers before purchase." *Carovillano v. Sirius XM Radio Inc.*, 715 F. Supp. 3d 562, 576 (S.D.N.Y. 2024) (collecting cases).

Here, Plaintiffs assert that the Fee is never reasonably disclosed to consumers and is only added as a line item in their shopping cart immediately before a purchase is completed. ¶¶ 6, 36. Plaintiffs do not dispute, however, that the Fee is disclosed prior to purchase. ¶ 9; Opp. at 10 (noting the "eventual disclosure of the Online Processing Fee as a line item in the cart"). Although the issue of whether a practice is deceptive is generally a question of fact not suitable for resolution at this stage, "[w]here the material facts are undisputed, a court may be able to decide this question as a matter of law." *Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395, 412 (S.D.N.Y. 2022) (dismissing GBL §§ 349 and 350 claims where defendant's representation was not plausibly false or misleading); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.").

The Complaint makes clear, and Defendant confirms, that the Fee is disclosed to Plaintiffs and similarly situated purchasers before they complete the transaction. *See* ¶ 46 (acknowledging that the Fee is added as a line item in the shopping cart pre-purchase); Mem. at 10 ("Plaintiffs' FAC confirms that the Online Processing Fee was clearly and conspicuously disclosed to Plaintiffs prior to purchase."). There can be no deception when the purchasers know they are paying the Fee and when they have an opportunity to not complete the transaction. *See, e.g.*, *Sands v. Ticketmaster-New York, Inc.*, 616 N.Y.S.2d 362, 363 (1994) (dismissing a GBL § 349 claim where fees where fully disclosed prior to the sale of tickets).

Contrary to Plaintiffs' assertion, the allegations are not akin to *Carovillano v. Sirius XM Radio Inc.,* where Defendant only provided consumers with a "shorthand and inconspicuous disclosure that 'fees and taxes apply.'" 715 F. Supp. 3d 562, 576 (S.D.N.Y. 2024). Unlike *Carovillano*, Plaintiffs here had specific disclosure that the Fee applied and the amount of the Fee prior to purchase. *See* ¶ 44 (including a screenshot of the Fee being clearly disclosed pre-checkout). As it has long been held, "[a] practice is not deceptive when a business provides conspicuous notice of that practice to consumers before purchase." *Carovillano*, 715 F. Supp. 3d at 576 (S.D.N.Y. 2024); *see also Dimond v. Darden Restaurants, Inc.,* No. 13-CV-5244 (KPF), 2014 WL 3377105, at *8 (S.D.N.Y. July 9, 2014) (dismissing a GBL § 349 claim where "terms and conditions were completely and conspicuously indicated on the menu so that each patron was expressly informed as to the cost of dining at the [r]estaurants prior to voluntarily placing his or her order"). Because it was fully disclosed prior to Plaintiffs' purchase, Plaintiffs have not plausibly alleged that the addition of the Fee was materially misleading. Accordingly, Defendant's motion to dismiss Plaintiffs' GBL claims is GRANTED. *See Brownell v. Starbucks Coffee Co.*, 681 F. Supp. 3d 27, 38 (N.D.N.Y. 2023) (granting a motion to dismiss plaintiff's

10

causes of action under GBL §§ 349 and 350 for failure to state a claim where defendant's representation was not materially misleading).

## II.      Plaintiff's Common Law Claims

The Court first considers Plaintiffs' contract claim and finds that the absence of a contractual provision authorizing the Fee is insufficient to state a claim for breach of contract. The Court then considers Plaintiffs' unjust enrichment claim and finds that because unjust enrichment cannot serve as a catchall claim and there is no independent basis for the claim, it must be dismissed.

### A. Plaintiffs' Breach of Contract Claim Is Insufficient

To state a claim for breach of contract under New York law, "the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)). A breach of contract claim must include allegations of the specific provision of the contract upon which liability is predicated. *Timberg v. Toombs*, No. 20-CV-6060 (MKB), 2022 WL 954739, at *10 (E.D.N.Y. Mar. 30, 2022) (collecting cases). Plaintiffs fail to do so here and instead assert that SportsEngine breached the Terms of Use—and specifically, the Supplemental Terms contained therein—because they contain no provision which explicitly authorized SportsEngine to impose the Online Processing Fee. ¶¶ 114–115; Opp. at 22. Plaintiffs therefore contend that Defendant violated the Terms of Use by charging the Fee. ¶ 115. However, Plaintiffs cannot point to any provision of the Terms of Use that Defendant violated, and as such, fail to allege the third element of this claim.

Plaintiffs' argument was also recently rejected in *Pittman v. Chick-fil-A, Inc.*, No. 21-CV-8041 (VM), 2022 WL 2967586, at *7 (S.D.N.Y. July 27, 2022). There, plaintiff argued that no contract provision authorized defendant's 30% markup on food items ordered for delivery. The Court concluded that this argument was "insufficient to state a claim for breach of contract under New York law." *Id.* Like in *Pittman*, Plaintiffs here identify no contract provision that explicitly prevents Defendant from assessing the Online Processing Fee. Accordingly, Defendant's motion to dismiss Plaintiffs' breach of contract claim is GRANTED.

### B. Plaintiffs' Unjust Enrichment Claim Is Dismissed

Unjust enrichment is "a New York common law quasi-contract cause of action requiring the plaintiff to establish: (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Myun-Uk Choi v. Tower Rsch. Cap. LLC*, 890 F.3d 60, 69 (2d Cir. 2018) (internal citation and quotation marks omitted). An unjust enrichment claim that sounds in fraud is subject to the heighted pleading requirements of Rule 9(b). *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023). The claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).

Plaintiffs bring a claim for unjust enrichment by alleging that Defendant benefited from the Fee which Plaintiffs "did not agree to and could not reasonably avoid" and which would be "unjust to allow Defendant to retain." ¶¶ 108–109. Plaintiffs make no attempt to distinguish their unjust enrichment claim from their other claims. *Cf. Advanced Knowledge Tech, LLC v. Fleitas*, No. 21-CV-992 (PKC), 2021 WL 6126966, at *5 (S.D.N.Y. Dec. 28, 2021) (dismissing an unjust

enrichment claim where plaintiff made "no factual allegations unique to the unjust enrichment claim and fail[ed] to explain why the unjust enrichment claim [wa]s distinct").

Instead, Plaintiffs assert that they can "plead all claims at the pleading stage." Opp. at 20. However, each of Plaintiffs' claims fail, *see supra* at 6–13, and "an unjust enrichment claim cannot remedy the defects.'" *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 291 (S.D.N.Y. 2014) (quoting *Corsello*, 944 N.Y.S.2d 732, 740 (2012)); *see also Valencia v. Snapple Beverage Corp.*, No. 23-CV-1399 (CS), 2024 WL 1158476, at *6 (S.D.N.Y. Mar. 18, 2024) (internal citation and quotation marks omitted) (Because her "unjust enrichment claim relies on the same operative facts as her other claims . . . to the extent the claims fail, the basis for plaintiff's unjust enrichment claim would necessarily crumble.").

Furthermore, "New York's highest court has made clear . . . that unjust enrichment is not a catchall cause of action to be used when others fail." *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021) (internal citation and quotation marks omitted). "Because Plaintiff[s] rel[y] on the same allegations for [their] unjust enrichment claim as for [their]other claims, and those claims fail, the Court should also dismiss the unjust enrichment claim." *Betzag v. BP Prods. N. Am. Inc.*, No. 23-CV-9602 (JMA) (ST), 2025 WL 1309848, at *13 (E.D.N.Y. Jan. 23, 2025). Accordingly, Defendant's motion to dismiss Plaintiffs' unjust enrichment claim is GRANTED.

### III.  Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that if a party has already "amend[ed] its pleading once as a matter of course," as Plaintiffs have here, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). A court should "freely give leave when justice so requires, but it may, in its discretion, deny

leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (cleaned up). Plaintiffs have not requested leave to amend, and Defendant asserts that dismissal should be with prejudice because amendment would be futile. *See* Mem. at 6; ECF No. 39 at 10. The Court agrees. Here, because Plaintiffs have already had an opportunity to amend and "because most of the problems with the dismissed claims are substantive and better pleading will not cure them, amendment would largely be futile." *Adeghe v. Procter & Gamble Co.*, No. 22-CV-10025 (CS), 2024 WL 22061, at *8 (S.D.N.Y. Jan. 2, 2024) (cleaned up). The Court therefore declines to grant Plaintiffs leave to amend their complaint again.

## CONCLUSION

Plaintiffs' statutory claims under California and Arkansas law are dismissed because the parties' choice of law provision dictates that all claims are governed by New York law. Because the Court dismisses Plaintiffs' claim under the Arkansas Deceptive Trade Practices Act, it denies Defendant's motion to strike as moot. Additionally, because the Court dismisses Plaintiffs' remaining claims, Plaintiffs' request for injunctive relief is moot. *See Arag-A Ltd. v. Republic of Argentina*, 178 F. Supp. 3d 192, 204 (S.D.N.Y. 2016), *aff'd sub nom. Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825 (2d Cir. 2019); *see also Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 102 (2d Cir. 2017) (affirming the district court's denial of plaintiff's request for injunctive relief as moot where plaintiff's other claims were dismissed).

The Clerk of Court is respectfully directed to terminate ECF No. 35 and close the case.

Dated: September 17, 2025
      New York, New York

      SO ORDERED.

      _____
      JESSICA G. L. CLARKE
      United States District Judge